O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP DAVIS,<br><br>                Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | CASE NO. CV 12-00420 RZ<br><br>MEMORANDUM OPINION AND ORDER |

        Plaintiff had two surgeries, one on his cervical spine, and one on his lumbar spine. The records for those surgeries were not before the Administrative Law Judge during the hearing on Plaintiff's claim for disability benefits, but they were before the Appeals Council, which considered them but ruled that they did not change the outcome. [AR 2] This Court reviews the entire record, including that which was before the Appeals Court. *Brewes v. Commissioner of Social Security*, 632 F.3d 1157, 1161-63 (9th Cir. 2012). The Court disagrees with the decision to affirm notwithstanding the new material, and remands the matter to the Commissioner for further proceedings.

        The Administrative Law Judge determined that Plaintiff had not rebutted the presumption of continuing non-disability that had been established by an earlier ruling from the Social Security Administration. Under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), changed circumstances rebut the presumption. It is hard to see how the

circumstances here could be said not to have changed. A person does not undergo two back surgeries just for the fun of it. If the impairments in the past were not sufficiently disabling to prevent Plaintiff from working, but then Plaintiff needed surgery to address the back ailments, surely this is an indication of a change in circumstance. Thus, Plaintiff did in fact rebut the presumption.

What then is the state of the record? The question is whether the residual functional capacity fashioned by the Administrative Law Judge, and her conclusion that Plaintiff could perform his past relevant work, still survive. The answer is that we cannot tell. First, many of the new records presented to the Appeals Council contain illegible handwriting. [AR 293 *et seq*.] Second, it does not appear that the surgeons, or follow-up doctors addressed the issue of Plaintiff's capability following his surgery. Yes, they did say that he was improving, but many of these comments occurred just after surgery, meaning that Plaintiff did well with the surgery. Whether they indicate that Plaintiff had the ability to perform the job of a bus driver, which obviously involves a great deal of sitting and may place strains on the back, is not clear.

Throughout her decision, the Administrative Law Judge referenced the fact that she did not have the records concerning the surgeries. In fact, she made certain determinations *because* she did not have those records. An Administrative Law Judge's duty to develop the record further arises when the record is ambiguous or not adequate to allow a decision. *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). In the face of the knowledge that surgeries had occurred, but without the records of those surgeries and without any further assessment of Plaintiff's capabilities following those surgeries, the record here was insufficient to allow a proper determination. Once the records were before the Appeals Council level, the overall matter still remained ambiguous.

The decision of the Commissioner is reversed, and the matter is remanded for further proceedings. Upon remand, the Commissioner shall evaluate the additional records,

1  take further evidence if necessary to decipher those records, and, if appropriate, have
2  Plaintiff further evaluated by medical professionals.
3       IT IS SO ORDERED.
4       DATED:   October 22, 2012

                                      RALPH ZAREFSKY
                        UNITED STATES MAGISTRATE JUDGE